UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA STOLICKER,

    Plaintiff,

v.

MULLER, MULLER, RICHMOND,
HARMS, MYERS, and SGROI, P.C.,

    Defendant.
_____/

File No.  1:04-CV-733

HON. ROBERT HOLMES BELL

## **OPINION**

This matter arises out of the debt collection practices of Defendant Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C. (the "Muller law firm" or "Muller"). Plaintiff Sylvia Stolicker brings this action as a class action. Stolicker alleges that the Muller law firm's practice of filing an application for default judgment in state court that includes an affidavit stating that the damages include a liquidated attorney fee violates both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a, and the Michigan Collections Practices Act (MCPA), M.C.L. § 445.257. Before the Court are three motions by the Muller law firm: 1) dismiss for lack of subject matter jurisdiction, 2) dismiss the FDCPA claims for failure to state a claim or on summary judgment, 3) dismiss the MCPA claims for failure to state a claim or on summary judgment. For the reasons set forth below, the Court will deny

the Muller law firm's motions to dismiss for lack of subject matter jurisdiction and failure to state a claim.

I.

A motion pursuant to FED. R. CIV. P. 12(b)(6) tests whether a complaint "state[s] a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This standard requires that "a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001) (quoting *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000)). In reviewing a complaint, the Court must "view the complaint in the light most favorable to the plaintiff, treat all well-pleaded allegations therein as true." *Amini v. Oberlin Coll.*, 259 F.3d 493, 497 (6th Cir. 2001). Finally, the motion will be granted if "the plaintiff 'can prove no set of facts in support of the claims that would entitle him to relief.'" *Id.* (quoting *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

Stolicker alleges that she incurred debt and became obligated to pay money to Capital One Bank in transactions made primarily for personal, family or household purposes. Compl. ¶ 9. The contract she signed contains a provision stating that if the credit card company was required to hire an outside agency to collect a debt, the debtor would be liable for a "reasonable attorney fee." On or about July 7, 2003, the Muller law firm filed a summons and complaint on behalf of Capital One in the 63rd District Court for the State of

Michigan, seeking to collect $3,985.25 in damages, costs and attorney fees from Stolicker. Compl. ¶ 10. This amount included $776.68 as attorney fees (25% of the principal debt). Compl. ¶ 11, 14. Stolicker failed to respond to the complaint and the Muller law firm applied for a default judgment and submitted an affidavit stating that the amount due included $3,985.25 (including the $776.68 attorney fee) in damages, interest of $327.93, $70.25 in costs, and $75 statutory attorney fees. Compl. ¶ 12, 19. The affidavit stated that "the claim against the defaulted party is for a sum certain or for a sum which by computation can be made certain . . . ." Compl. ¶ 13. Stolicker asserts that the affidavit was false and misleading because a "reasonable attorney fee" under the credit card contract is not "for a sum certain or for a sum which by computation can be made certain." Compl. ¶ 16. A default judgment was entered in the state court but was later set aside. Compl. ¶ 20. At oral argument Muller's counsel informed the Court that judgment has since been entered against Stolicker in the state court. While the state court action was still pending, Stolicker filed the present class action before the Court asserting violations of the FDCPA and the MCPA.

The Muller law firm contends that this Court is barred from asserting subject matter jurisdiction based upon the *Rooker-Feldman* doctrine which establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." *Pieper v. American Arbitration Assoc., Inc.*, 336 F.3d 458, 460 (6th Cir. 2003). Recently, the Supreme Court revisited this doctrine, explaining that it was limited to cases where, "the losing party in state court filed suit in federal court after the state

proceedings ended, complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. ____, 125 S.Ct. 1517, 1526 (Mar. 30, 2005).

*Rooker-Feldman* does not bar the Court from taking subject matter jurisdiction of this case for the simple reason that this case does not involve the losing party in a state court proceeding filing suit in federal court after the state proceedings ended and complaining of an injury caused by a state court judgment. *Id.* The gravamen of Stolicker's complaint is that the Muller law firm violated the FDCPA by filing a purportedly false affidavit in support of a debt collection in state court. *See* Compl. 12, 16, 34. This alleged injury was independent of and complete prior to the state court taking any action. As such, *Rooker-Feldman* does not prevent this Court from asserting subject matter jurisdiction over this case. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999) (holding that *Rooker-Feldman* did not bar a federal court from asserting subject matter jurisdiction where plaintiff alleged violations of the FDCPA that occurred during but were independent of a state eviction proceeding); *see also Todd v. Weltman, Weinberg & Reis, Co.*, 348 F. Supp.2d 903 (S.D. Ohio 2004) (holding that *Rooker-Feldman* did not apply where plaintiff asserted a class action suit alleging defendant violated the FDCPA by filing false affidavits in support of state court garnishment proceedings. "[T]he sole action forming the basis of Plaintiffs' FDCPA claims, the filing of a false affidavit, was complete before the state court took any action."). Accordingly, *Rooker-Feldman* does not deprive the Court of subject matter jurisdiction in this case.

In addition, at oral argument Muller's counsel argued that because the state court has proceeded to judgment on the credit card debt and has determined that the damages include attorney's fees, this action is a collateral attack and is barred by the state judgment. This argument is misguided. As stated previously, the allegations in the complaint center upon the allegedly false affidavit submitted with the application of default. These allegations do not implicate and are not affected by the issues addressed in the state court proceeding. In this case Stolicker alleges a separate and discrete claim of a violation of federal law that is not a collateral attack on the state judgment. Her liability for the debt does not affect whether the Muller law firm's collection practices violated the FDCPA and MCPA.

Viewing the allegations of the complaint in the light most favorable to Stolicker, it is clear that she has alleged facts that would entitle her to relief under the FDCPA. Accordingly, the Muller law firm's motion to dismiss for failure to state a claim is denied. *Pfennig v. Household Credit Servs., Inc.*, 295 F.3d 522, 525-26 (6th Cir. 2002); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Moreover, the Court has subject matter jurisdiction over the FDCPA claim under 15 U.S.C. § 1692k(d), 28 U.S.C. 1337. In addition, the Court will assert supplemental jurisdiction over Stolicker's state law claims under 28 U.S.C. § 1367. Accordingly, the Court will deny the Muller law firm's motion to dismiss for lack of subject matter jurisdiction.

5

The Court has taken Muller's motion for summary judgment under advisement and requests that Stolicker file a cross-motion for summary judgment within thirty days from the date of this order in order to develop the record to determine if there are any genuine issues of fact or law that remain outstanding.


Date:   April 22, 2005            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE