UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA STOLICKER, on behalf
of herself and all others similarly situated,

        Plaintiff,

v.                                      File No.  1:04-CV-733

MULLER, MULLER, RICHMOND,        HON. ROBERT HOLMES BELL
HARMS, MYERS, and SGROI, P.C.,

        Defendant.
_____/

## **O P I N I O N**

This matter is before the Court on the parties' cross motions for summary judgment. Plaintiff Sylvia Stolicker contends that the Court should grant summary judgment in her favor because Defendant Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C. (the "Muller law firm" or "Muller") violated the Fair Debt Collection Practices Act (FDCPA) and the Michigan Collections Practices Act (MCPA).  The Muller law firm argues summary judgment should be granted in its favor for two reasons: its actions did not violate the FDCPA and the MCPA is not applicable to it.  The central issue in this case is whether the Muller law firm violated the FDCPA and MCPA by filing, in state court, a complaint and affidavit in support of a default judgment requesting a liquidated attorney fee in connection with a consumer debt collection.  For the reasons that follow, the Court grants in part Plaintiff's motion as to the FDCPA claim and denies in part her motion as to the MCPA

claim. Defendant's motion for summary judgment on the FDCPA claim is denied and its motion for summary judgment on the MCPA claim is granted.

I.

Plaintiff Sylvia Stolicker entered into a credit card contract with Capital One Bank. Among other provisions, the contract contained the following:

> To the extent permitted by law, you agree to pay all court costs and collection expenses incurred by us in the collection of any amount you owe us under this Agreement. If you default and we refer your account for collection to any attorney who is not our salaried employee, to the extent permitted by law, you agree to pay reasonable attorneys' fees.

*See* Exhibit 1, Def.'s Br. Summ. J. (Docket #12).

Thereafter, Plaintiff incurred debt and fell behind on her monthly credit card payments. Eventually, she defaulted and Capital One referred the matter to the Muller law firm for collection. On July 7, 2003, Steven A. Harms, a principal in the Muller law firm, filed a lawsuit in state court seeking to collect $3,985.25 in damages, costs and attorney fees from Stolicker. This amount included $776.68 as attorney fees (25% of the principal debt) "pursuant to agreement made by defendant." *See* Exhibit 1, Summons and Complaint, Pl.'s Br. Summ. J. (Docket #32). This contingent fee amount was agreed upon between Capital One and the Muller law firm. *See* Transcript of April 21, 2005 Oral Argument at 11, 13 (Docket #27).

Stolicker did not answer the state court complaint and the Muller law firm, on behalf of Capital One, applied for a default judgment. In conjunction with the application for

default, Harms completed an affidavit stating the claim "against the defaulted party is for a sum certain or for a sum which by computation can be made certain." The affidavit calculated the amount due as $3,985.25 (including $776.68 for attorney fees), $327.93 interest, $70.52 costs, and $75.00 statutory attorney fee. A default judgment was entered on November 10, 2004, but was later set aside by stipulation of the parties. Judgment has since been entered against Stolicker in the state court. While the state court action was still pending Stolicker filed the present class action before the Court asserting violations of the FDCPA and the MCPA.

Previously, the Court denied Muller's motion to dismiss for failure to state a claim holding that the *Rooker-Feldman* doctrine did not bar the Court from asserting subject matter jurisdiction over Stolicker's FDCPA claim because the alleged violation was independent of and complete prior to the state court taking any action in the state debt collection case. *See* April 22, 2005 Opinion at 4 (Docket #25). The Court also rejected the Muller law firm's argument that Stolicker's FDCPA complaint represented a collateral attack upon the state court decision. *Id*. at 5.

II.

The standards upon which the Court evaluates a motion for summary judgment do not change simply because the parties present cross motions. *Relford v. Lexington-Fayette Urban County Gov't*, 390 F.3d 452, 456 (6th Cir. 2004). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter

3

of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 (6th Cir. 2005); *Layne v. Bank One, Ky, N.A.*, 395 F.3d 271, 275 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in the favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Minadeo v. ICI Paints*, 398 F.3d 751, 756 (6th Cir. 2005).

Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the non-moving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the facts are viewed in the light most favorable to the non-movant, they may not

rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *Daniel v. Cantrell*, 375 F.3d 377, 381 (6th Cir. 2004).  "A mere scintilla of evidence is insufficient."  *Humenny v. Genex Corp.*, 390 F.3d 901, 904 (6th Cir. 2004).  Rather, a party with the burden of proof opposing a motion for summary judgment has the burden to come forth with requisite proof to support his legal claim, particularly where he has had an opportunity to conduct discovery.  *See Cardamone v. Cohen*, 241 F.3d 520, 524 (6th Cir. 2001).

## III.

A. *The Fair Debt Collection Practices Act Claim*

The FDCPA was enacted to combat certain "abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The FDCPA is extraordinarily broad and is treated as a strict liability statute in which a single violation is sufficient to establish liability.  *See* 15 U.S.C. § 1692k; *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992).  In addition, as a remedial statute, the FDCPA is liberally construed in favor of the consumer.  *See e.g.*, *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

By its terms, the FDCPA only applies to "debt collectors," which the statute defines as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Although this Circuit previously recognized an exemption from the FDCPA for litigation activities of attorneys, *see Green v. Hocking*, 9 F.3d 18 (6th Cir. 1993), the United States Supreme Court abrogated this decision in *Heintz v. Jenkins*, 514 U.S. 291 (1995). In *Heintz*, the Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. at 299. The Muller law firm concedes that it "regularly" engages in consumer debt collection activity and, as such, is subject to the requirements of the FDCPA.

The FDCPA prohibits a variety of deceptive conduct in connection with the collection of a debt. *See* 15 U.S.C. § 1692e. In this case, Stolicker alleges the Muller law firm violated § 1692e(2)(A), (B) (the false representation of the character or amount of a debt or the false representation of the services rendered or compensation which may be lawfully received by a debt collector), § 1692e(10) (using a false representation to collect or attempt to collect a debt), and § 1692f(1) (collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law). Stolicker's allegations stem from the Muller law firm's request of $776.68 as attorney's fees in the state debt collection proceeding. Specifically, Stolicker contends that by filing an affidavit in support of the default judgment

6

stating that the claim was "for a sum certain or for a sum which by computation can be made certain," the Muller law firm violated the FDCPA.

The parties do not dispute that the contract between Stolicker and Capital One required that she pay "a reasonable attorney fee" in the event collection of her debt was referred to an outside attorney. Nor is there any disagreement that the Muller law firm filed a complaint requesting a specific amount for attorney fees purportedly "pursuant to agreement made by defendant." Ex. 1, Pl.'s Br. Summ. J. (Docket #32). In addition, the parties agree that the Muller law firm filed an affidavit in support of its application for default judgment, including the liquidated attorney fee amount and stating that the claim was for a "sum certain." Accordingly, the Court must determine whether these actions violated the FDCPA.

The inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the contract between Capital One and Stolicker and violated the FDCPA. The contract she signed with Capital One required that she pay a "reasonable attorney fee," not $776.68 or any other liquidated amount. As Muller's counsel acknowledged at oral argument, Stolicker did not agree to a specific percentage contingent fee or a liquidated amount for attorney fees. *See* Transcript of April 21, 2005 Oral Argument at 10-12 (Docket #27). While Muller's counsel admitted that Capital One and the Muller law firm selected the fee amount, counsel argued that they could have selected virtually any other percentage and included the amount with the principal debt sought. *Id.* The Court does not follow the

7

Muller law firm's logic which would allow Capital One and its collection attorney, independent of the debtor, to determine what they believed was a reasonable attorney fee and then request that amount in a suit to collect the debt. Such a course of action alters the contract signed by Stolicker. More importantly for this matter, the alteration of the terms of the contract misrepresents the amount of the debt owed and the compensation which may be received for the collection of the debt in violation of § 1692e(2)(A), (B). *See Strange v. Wexler*, 796 F. Supp. 1117 (N.D. Ill. 1992) (holding defendant attorney liable under the FDCPA where he filed a complaint in a state debt collection action seeking attorney's fees which were not available under state law).[1]

The contract between Capital One and Stolicker provides a contractual basis for the award of a "reasonable attorney fee" only. There is no clause which permits Capital One and the Muller law firm to select a liquidated sum. It would take a leap of logic to find, as Muller urges, that Stolicker agreed to a liquidated amount (25% of the principal debt or otherwise) of attorney fees in the event she defaulted. *See Kojetin v. C U Recovery, Inc.*, No. 97-2273, 1999 WL 1847329, at *2 n. 3 (D. Minn. March 29, 1999) ("The FDCPA would provide little protection to a debtor . . . if, in agreeing to pay 'reasonable collection costs,' a debtor was held

---

[1] The Muller law firm's attempt to distinguish *Strange* from the present case is unavailing. Similar to the defendant in *Strange*, Muller did not have a contractual or statutory basis for claiming a liquidated amount as attorney fees. A "reasonable attorney fee" cannot be a liquidated sum. *See infra* at 10-11 (discussing a "reasonable attorney fee" vs. a "sum certain").

8

to have agreed to pay whatever percentage fee a debt collection service happened to charge a lender."), *aff'd*, 212 F.3d 1318 (8th Cir. 2000).

Further, Stolicker argues that Muller violated the FDCPA by stating in its affidavit supporting the default judgment that the amount owed was a "sum certain." She reasons that a "reasonable attorney fee" cannot be a "sum certain" because, under Michigan law, the trial court must determine the reasonableness of the attorney fee amount based on evidence provided to the court. *See In re Howarth's Estate*, 108 Mich. App. 8, 12-13, 310 N.W.2d 255, 257 (1981) (holding that to establish a claim for attorney fees "the better rule is to require introduction of evidence.");[2] *Zeeland Farm Services, Inc. v. JBL Enterprises*, 219 Mich. App. 190, 195-96, 555 N.W.2d 733, 736 (1996) (noting that while a contract may include a provision requiring the breaching party to pay the other side's attorney fees, recovery is limited to reasonable attorney fees and the party requesting the fee must introduce evidence of reasonableness). The Muller law firm acknowledges that the contract between Stolicker and Capital One stated that she would be responsible for a "reasonable attorney fee." Muller contends that this clause provided it with a contractual basis to request $776.68

---

[2]The Court recognizes that *Howarth* noted that requiring introduction of evidence to prove a claim for attorney fees did not preclude a trial court from awarding a fee based upon judicial notice of adjudicative facts. 108 Mich. App. at 13, 310 N.W.2d at 257. The court also noted that a trial court was not precluded from determining that a contingent fee was reasonable. In this case, there is no evidence that the state court took judicial notice of any facts regarding the requested attorney fee, nor is there any indication that the Muller law firm supplied evidence of its attorney fee beyond the affidavit stating that the damages were a sum certain and including the requested fee in the amount of damages.

9

as an attorney fee and that this clause prevents Stolicker from asserting an FDCPA claim. Further, Muller denies that its request was false and attempts to demonstrate that a twenty-five percent contingent fee is reasonable.

Muller's argument misconstrues the issue in this case. The issue is not whether the requested attorney fee is in fact reasonable. Nor is the issue whether Michigan law permits the award of a contingent attorney fee. The central issue in this case, which Muller repeatedly overlooks, is whether the request of a liquidated amount as an attorney fee is false or misleading when the contract authorizing the fee permits only a "reasonable attorney fee."

In Harms' affidavit supporting the application for default judgment, he swore that the amount requested (which included the $776.68 attorney fee) was a sum certain. While at points during this litigation Muller has chided Stolicker for failing to see that 25% of the principal debt is a sum certain, this assertion confuses the issue. Muller may have requested a *specific amount*, but it does not follow that this amount is a *sum certain*. *See Chemtall, Inc. v. Citi-Chem, Inc.*, 992 F. Supp. 1390, 1412 (S.D. Ga. 1998) ("a plaintiff 'cannot satisfy the certainty amount simply by requesting a specific amount.'") (citation omitted) (quoting 10 FEDERAL PRAC. & PROC. CIVIL 2d § 2684 at 418); *Combs v. Coal & Mineral Mgmt. Serv.*, 105 F.R.D. 472, 474 (D. D.C. 1984) ("It may be true that the Trustees have contracted to compensate their attorneys at the fixed rate of $1,400 per default judgment. But that fact establishes only the 'certainty' of the amount owed by the Trustees to their own attorneys, not the 'certainty' of the amount owed by the defendant to the Trustees.")

Claiming that a "reasonable attorney fee" is a "sum certain," as Muller did in this case, is a false representation. Although the Muller law firm fails to appreciate the falsity of its statement, it is clear to the Court that a "reasonable attorney fee" cannot be a "sum certain." A reasonable attorney fee requires a judicial evaluation of the evidence regarding the fee. *See e.g. Zeeland Farm Services, Inc.*, 219 Mich. App. at 195-96, 555 N.W.2d at 736. A sum certain, is just that, a liquidated amount that requires nothing further. Cases discussing whether a reasonable attorney fee is a sum certain in the context of the federal rules of civil procedure are instructive and establish that a "reasonable attorney fee" is not a "sum certain."[3] *See Flynn v. Mastro Masonry Contractors*, 237 F. Supp.2d 66, 70 (D. D.C. 2002) ("The amount of attorney's fees, however, is not considered a sum certain as the 'reasonableness of the fees requested by the [plaintiff] is a "judgment call" which only the [c]ourt can make.'") (quoting *Combs*, 105 F.R.D. at 475); *Chemtall, Inc.*, 992 F. Supp. at 1412 ("a plaintiff 'cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances.' Furthermore, items like 'reasonable attorney's fees' are simply not a 'sum certain.'") (citation omitted) (quoting 10 FEDERAL PRAC. & PROC. CIVIL 2d § 2688 at 415; § 2684 at 418)); 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.20[1][b] (specifying that an unliquidated claim for attorney fees is not a "sum certain.") (citing *Davis v. Nat'l Mortgage Corp.*, 320

---

[3] Michigan's default judgment procedure under MCR 2.603 is similar in all respects to the procedure outlined in FED. R. CIV. P. 55.

F.2d 90, 91-92 (2d Cir. 1963)). Harms' statement in his affidavit is false because a "reasonable attorney fee" cannot be a "sum certain."[4] Therefore, as a matter of law, the Muller law firm's false affidavit violated § 1692e.[5]

The Court rejects the Muller law firm's attempt to argue that this case falls outside the purview of the FDCPA. First, the Supreme Court has clearly held that the FDCPA applies to attorneys, such as Muller, who "'regularly' engage in consumer debt-collection activity, even when that activity consists of litigation." *Heintz*, 514 U.S. at 299. Second, the cases upon which the Muller law firm relies are distinguishable from the present case.

---

[4]The Court also notes that the affidavit is misleading for two additional reasons. First, the $776.68 attorney fee is not clearly delineated, but rather, is included in the total damages request. *See* Exhibit 2, Pl.'s Br. Summ. J. (Docket #32). The failure to clearly differentiate between the credit card debt owed and the additional request for attorney fees could be misleading. *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004) (holding that plaintiff stated a claim under the FDCPA where dunning letter to consumer included an attorney fee within the principal obligation without explanation). Second, the affidavit also states that a $75.00 attorney fee is being sought pursuant to a state statute. This too appears misleading because a review of the affidavit could reveal that the Muller law firm is only seeking $75.00 as an attorney fee, not the actual requested amount of $776.68. Because the FDCPA is a strict liability statute any one of the violations addressed in the opinion is sufficient to find the Muller law firm liable. *Stojanovski*, 783 F. Supp. at 323.

[5]The fact that the default judgment was later set aside is not material to whether the affidavit violated the FDCPA. The violation was complete when the Muller law firm filed the complaint and affidavit seeking the liquidated attorney fee. Any subsequent action taken by the state court is not material to the violations in this case. *See* April 22, 2005 Opinion at 4-5 (citing *Todd v. Weltman, Weinberg & Reis, Co.*, 348 F. Supp.2d 903 (S.D. Ohio 2004)); *see also Campos v. Brooksbank*, 120 F. Supp.2d 1271 (D. N.M. 2000) (denying defendant's motion to dismiss FDCPA claim where defendant attorney filed a false affidavit in support of a state court default judgment which was later set aside).

Muller principally relies upon an Indiana court of appeals case, *Spears v. Brennan*, 745 N.E.2d 862 (Ind. Ct. App. 2001). In *Spears*, plaintiff obtained a consumer loan from a finance company. The loan contract provided that upon default, plaintiff would "*pay our reasonable attorney's fees*, if referred to an attorney who is not our salaried employee." *Spears*, 745 N.E.2d at 867 (emphasis in original). When plaintiff failed to repay his loan, the finance company retained an attorney to collect the debt. *Id*. at 868. The attorney filed a notice of claim in small claims court seeking the unpaid debt and a one-third contingent attorney fee. *Id*. Thereafter, a default judgment was entered against plaintiff in an amount which included the unpaid principal debt and the attorney fee. In response to the default judgment, plaintiff filed suit against the attorney who filed the small claims court suit alleging FDCPA violations. *Id*. at 869. The trial court entered summary judgment in favor of defendant. *Id*.

On appeal, the court considered whether defendant violated the FDCPA by requesting a one-third contingent fee where the consumer credit contract entered into by plaintiff only obligated him to pay a "reasonable attorney fee." The court affirmed the trial court's dismissal of plaintiff's FDCPA claim holding that "[i]f [plaintiff] had wanted to challenge the propriety of the small claims court's award of attorney's fees, he should have moved to set aside the default judgment on the debt collection claim or appealed from that determination. An action under the FDCPA is not the proper remedy." *Id*. at 872.

13

Although at first glance *Spears* appears indistinguishable from the present case, upon further review, the Court does not find that the case is applicable to this matter. The central holding of *Spears* is that an FDCPA action is not the proper course to vindicate the reasonableness or propriety of an award of a liquidated amount of attorney fees. *Id*. The Court does not disagree with this statement of law. This case, however, does not present that issue. In *Spears*, the plaintiff focused his FDCPA claim on whether a one-third contingent fee is an appropriate method for computing a reasonable fee. 745 N.E.2d at 871. Stolicker's claim, however, focuses on the *procedures used* in attempting to collect the attorney fee, not the *reasonableness* of the requested fee. As the Court stated in its previous opinion, Stolicker's alleged injury was independent of and complete prior to the state court taking any action. April 22, 2005 Opinion at 4 (Docket #25). Put another way, Stolicker's liability for the debt, the reasonableness of the requested attorney fee, or any other issue addressed in the state court matter are not implicated by her FDCPA claim in federal court. She is not attacking any action of the state court or the reasonableness of the attorney fee amount selected by Muller and Capital One, rather, she is challenging the Muller law firm's practice of requesting a liquidated attorney fee and filing an affidavit stating that the amount was for a sum certain where the contract only provides for a "reasonable attorney fee." This distinction places the present case outside the purview of *Spears.*

Defendant also directs the Court to a line of cases in which no FDCPA violation was found when a debt collector sent a "dunning letter" claiming an attorney fee when the

14

contract between the lender and debtor specified a "reasonable attorney fee." *See e.g.*, *Fields*, 338 F.3d at 565; *Singer v. Pierce & Assoc., P.C.*, 383 F.3d 596 (7th Cir. 2004); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292 (2d Cir. 2003); *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001). The Court does not find that these cases are analogous to this case. In this case, the Muller law firm represented, in a court filing, that Stolicker agreed to a liquidated attorney fee. This is a fundamental alteration of the consumer credit contract between Stolicker and Capital One. Moreover, the Muller law firm offered an affidavit in support of the debt collection in which it stated that the amount owed was a "sum certain." As stated previously, these representations were false and misleading. Given the circumstances in which Muller's actions have occurred, during litigation and in documents which are sworn to be truthful, cases in which an attorney requests a fee amount in a letter are not applicable.[6]

Accordingly, the Court holds that the Muller law firm violated §§ 1692e by requesting $776.68 as an attorney fee and claiming in an affidavit that the damages amount was a "sum certain." Therefore, summary judgment is entered in Stolicker's favor on her FDCPA claim.

---

[6]Muller raises in passing the line of cases holding that court pleadings do not qualify as a "communication" under 15 U.S.C. § 1692a(2), and therefore cannot be the basis of an FDCPA violation. *See e.g., Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003). This line of cases does not apply to this case and the Court is not required to address this issue. Stolicker has alleged violations of §§ 1692e(2)(A), (B), 1692f(1), none of which require that the false representation be in a "communication" to the debtor. Accordingly, this issue is not before the Court. Moreover, the Court also rejects the Muller law firm's argument that witness immunity applies to this case. *See Todd*, 348 F. Supp.2d at 914 (rejecting defendant's claim that witness immunity barred liability under the FDCPA).

B. *The Michigan Collection Practices Act Claim*

The MCPA, MICH. COMP. LAWS § 445.251-258, like its federal counterpart, the FDCPA, prohibits certain misleading and deceptive actions in connection with the collection of a debt. Stolicker contends that the Muller law firm's actions violated various provisions of the MCPA.

Before addressing the merits of Stolicker's claim, the Court must determine if the Muller law firm is regulated by the MCPA. The MCPA applies to "regulated persons," which the statute defines as "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following . . . [a]n attorney handling claims and collections on behalf of a client and in the attorney's own name." MICH. COMP. LAWS § 445.251(g)(xi). Muller argues that it is not within this definition because the state court action was filed in the name of Capital One, not "in the attorney's own name."

Muller's argument appears well taken. The definition of "regulated person" includes attorneys but only if they are "handling claims and collections on behalf of a client *and in the attorney's own name*." *Id.* (emphasis added). Muller does not fit under the latter part of the definition. Muller's debt collection activities in this case were on behalf of Capital One, not in the firm's own name. A review of the other examples of "regulated persons" under the statute reinforces the conclusion that entities, such as Muller, which are performing collections solely on behalf of a client and not in their own name, are not subject to the

16

MCPA. Section 445.251 also includes within "regulated person" the following: a regular employee collecting accounts for one employer if the collection is in the name of the employer (subsection g(i)); a state or federally chartered bank when collecting its own claim (subsection g(ii)); a trust company collecting its own claim (subsection g(iii)), a savings and loan association when collecting its own claim, and a credit union when collecting its own claim. *See* MICH. COMP. LAWS § 445.251(g)(i)-(v). In order to be regulated under the MCPA, each of these entities must be performing collection activities on its own claim, not on behalf of another. Thus, as a matter of law, Muller's activities on behalf of its client are not regulated by the MCPA because they are not "in the attorney's own name."[7] Accordingly, summary judgment is granted in favor of Muller on Stolicker's MCPA claim.

IV.

For the foregoing reasons, the Court grants in part Stolicker's motion for summary judgment as to the FDCPA claim and denies in part her motion as to the MCPA claim. Further, the Court denies Muller's motion for summary judgment as to the FDCPA claim and grants its motion as to the MCPA claim. The Court will enter an order consistent with this opinion.

---

[7]Stolicker's argument that the Court should look to Michigan's Occupational Code, MICH. COMP. LAWS § 339.901, is misguided. First, Stolicker has not alleged a violation of the Occupational Code and thus its provisions are not relevant to a violation of MCPA. Second, the Court's review of the applicability of the MCPA is confined to the specific definitions enshrined in the MCPA. *See e.g.*, *Tryc v. Michigan Veterans' Facility*, 451 Mich. 129, 136, 545 N.W.2d 642, 647 (1996).

Dated:     September 8, 2005                  /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE