UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA STOLICKER, on behalf of
herself and all others similarly situated,

        Plaintiff,

File No.  1:04-CV-733

v.

HON. ROBERT HOLMES BELL

MULLER, MULLER, RICHMOND, HARMS,
MYERS and SGROI, P.C.,

        Defendant.
                                                /

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.'s (the "Muller law firm") Motion in Limine to Determine the Scope of "net worth" in Damages Calculation.  Previously, the Court granted in part Plaintiff's motion for summary judgment and found that the Muller law firm violated the Fair Debt Collection Practices Act ("FDCPA").  September 9, 2005 Opinion (Docket #61).  In addition, in an order dated October 9, 2005, the Court granted Plaintiff's motion for class certification. October 26, 2005 Order (Docket #88).  Accordingly, the parties are now engaged in discovery on the issue of actual and class damages.  The Muller law firm now requests an order that, as used in the FDCPA, the term "net worth" is limited to book value or balance sheet net worth and does not include goodwill.

The FDCPA sets forth the amount of damages that can be recovered from a debt collector in the event of a violation of the statute. *See* 15 U.S.C. § 1692k. The relevant provision for purposes of this motion is § 1692k(a)(2)(B)(ii), which limits the recovery in a class action to "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B)(ii).[1] The FDCPA does not define the term "net worth." The Muller law firm argues that net worth should be limited to the book value of the firm, that is, assets listed on the firm's balance sheet minus liabilities. Plaintiff, on the other hand, contends that net worth should include the firm's goodwill and other intangible assets, the fair market net worth of the firm.

The Sixth Circuit has not addressed this issue of statutory interpretation. Indeed, it appears that only one court in the country has fully considered the definition of net worth under the FDCPA. The Seventh Circuit in *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000) evaluated whether the FDCPA uses the term net worth to denote book value net worth or fair market net worth. Applying the rules of statutory interpretation, the court looked to the usage of the term net worth in other federal statutes, after reference to the dictionary definition of the term proved unhelpful. *Sanders*, 209 F.3d at 1000. In particular, the court looked to the Equal Access to Justice Act ("EAJA"), which allows prevailing parties against

---

[1] Section 1692k also provides for the recovery of any actual damage suffered by any person and permits certain recovery for each named plaintiff in a class action. 15 U.S.C. § 1692k(1), (2)(A), (2)(B)(i). These provisions of the statute are not at issue in this motion.

the government to obtain litigation costs if the individual's "net worth does not exceed $2,000,000." 5 U.S.C. § 504(b)(1)(B). The court noted that, under the EAJA, net worth is determined by reference to generally accepted accounting principles ("GAAP"). *Id*. at 1001 (citing *Continental Web Press, Inc. v. N.L.R.B.*, 767 F.2d 321, 323 (7th Cir. 1985)); *see also United States v. Heavrin*, 330 F.3d 723, 732 (6th Cir. 2003) ("Net worth [under the EAJA] is determined in accordance with 'generally accepted accounting principles.'") (quoting *Shooting Star Ranch, LLC v. United States*, 230 F.3d 1176, 1178 (10th Cir. 2000)). In light of the application of GAAP in the EAJA, the court held that the FDCPA's usage of the term net worth should be interpreted consistently with GAAP to include only book net worth or balance sheet net worth and should not include goodwill because goodwill is only reported at the time a business is sold for more than book value. *Id*. at 1001-02.

The court then considered whether defining net worth as book value or balance sheet net worth was consistent with the purposes of the FDCPA's net worth provision. *Id*. at 1002. The court held that the primary purpose of the provision was "a protective one" that "ensures that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages." *Id*. (citing *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114, 118 (5th Cir. 1975) (construing an identical damages provision in the Truth in Lending Act and holding that it was designed to protect businesses from catastrophic damage awards). The court held that including goodwill in the calculation of net worth would defeat the protective purpose of the provision "because ordinarily goodwill 'cannot be disposed of apart from the enterprise

as a whole.'" *Id*. (quoting Accounting Principles Board, Opinion No. 17, ¶ 17.32 (1970)). Further, the court also reasoned that an additional purpose of the net worth provision was to make the damage calculation easy for the litigants and trial judges. The court noted that computing balance sheet net worth (subtracting liabilities from assets) is a simple calculation, while, due to its transitory and speculative nature, goodwill is "extremely difficult to quantify and value with any certainty." *Id*. at 1003. Therefore, interpreting net worth as balance sheet net worth furthered this purpose of the FDCPA and avoided a "mini trial" on statutory damages. *Id*.

Finally, the court considered plaintiff's arguments that failure to include goodwill would destroy the incentive to pursue an FDCPA class action and would not result in sufficient punishment of defendants. The court rejected both arguments, noting that the primary motivation for FDCPA class actions is not that the suit will result in a substantial windfall for plaintiff but is often the class action attorneys' recovery of attorneys' fees and costs. In light of the class action attorneys' strong incentive to litigate FDCPA class actions, including goodwill in the measure of damages would be an "incentive for more litigation and would be explosive and destructive." *Id*. at 1004. Further, the court dismissed plaintiff's argument that, absent including goodwill in the damage calculation, defendant's punishment would not be sufficient, noting that "on top of the damages awarded, the costs and attorneys' fees provisions in the FDCPA provide a substantial punishment which undoubtedly deters similar conduct." *Id*. (citing *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th

Cir. 1994)).  Accordingly, based on the words of the FDCPA, the statute's purposes, and cases interpreting the term net worth, the court concluded that net worth means balance sheet or book value net worth and does not include goodwill.  *Id*.

In this case, Plaintiff has not offered any reason to dispute the reasoning and conclusion of the Seventh Circuit.  This Court finds the Seventh Circuit's thorough analysis in *Sanders* persuasive.  Interpreting the term net worth in a manner consistent with GAAP is both consistent with the term's usage in other federal statutes and comports with the underlying purposes of the FDCPA.  Moreover, as the Seventh Circuit indicated, including goodwill in the calculation of net worth could potentially result in an unnecessarily complex "mini-trial" on damages, force defendants into bankruptcy, and, more broadly, result in a destructive incentive for more litigation.  *Sanders*, 209 F.3d 1003-04.  In short, none of the FDCPA's purposes would be served.

In support of her position, Plaintiff merely cites to a district court opinion from the Eastern District of Pennsylvania in which the court, in the context of considering a motion for class certification, briefly noted that "I do not believe that Congress intended to allow a company to avoid a class action litigation arising under the FDCPA by presenting a balance sheet which shows that assets equal liabilities; such a demonstration is the nature of a balance sheet."  *Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259, 261 (E.D. Pa. 2004).  Based on this conclusory observation, the court determined that it would include equity, capital stock, and goodwill into the calculation of defendant's net worth.  *Id.*  To the extent

5

that *Wisneski* is contrary to *Sanders*, this Court declines to follow *Wisneski* and finds that *Sanders* is a more persuasive and better reasoned approach to the FDCPA. Accordingly, the Court adopts the approach of the Seventh Circuit in *Sanders* and finds that the term net worth, as used in the FDCPA, means book value net worth or balance sheet net worth and does not include goodwill. Therefore,

**IT IS HEREBY ORDERED** that the Muller law firm's motion in limine to determine the scope of "net worth" in damages calculation (Docket #102) is **GRANTED**.

Date:     June 2, 2006                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE