UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA STOLICKER, on behalf of herself
and all others similarly situated,

       Plaintiff,

v.

       File No. 1:04-CV-733

       HON. ROBERT HOLMES BELL

MULLER, MULLER, RICHMOND,
HARMS, MYERS and SGROI, P.C.,

       Defendant.
_____/

**O P I N I O N**

This matter is before the Court on Defendant's motion for partial summary judgment regarding the measure of class action damages. Defendant Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C. ("Muller" or the "Muller law firm") contends that the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, does not permit members of a class action, other than the named plaintiff, to recover actual damages. Defendant further contends that even if the FDCPA permits class members to recover actual damages, in this case the attorney fees awarded in the underlying state court actions are not a permissible measure of actual damages. For the reasons that follow, the Court denies in part Defendant's motion as to the availability of actual damages to class members and grants in part Defendant's motion as to attorney fees not being a permissible measure of actual damages.

I.

Plaintiff entered into a credit card contract with Capital One Bank. Among other provisions, the contract provided that in the event Capital One was required to hire an outside attorney to collect a defaulted debt, Plaintiff would be liable for "reasonable attorneys' fees." Thereafter, Plaintiff incurred debt and fell behind on her monthly credit card payments, eventually defaulting on her debt. Capital One then referred her account to the Muller law firm for collection. On July 7, 2003, the Muller law firm filed a lawsuit in state court seeking to collect $3,985.25 in damages, costs and attorney fees from Plaintiff. This amount included $776.68 as attorney fees (25% of the principal debt) "pursuant to agreement made by defendant." (Summons and Complaint, Br. in Supp. of Def.'s Mot. Summ. J., Docket #10, Ex. 1, at 1.) This fee amount was agreed upon between Capital One and the Muller law firm.

Plaintiff did not answer the state court complaint and the Muller law firm, on behalf of Capital One, applied for a default judgment. In conjunction with the application for default, the Muller law firm filed an affidavit stating that the claim "against the defaulted party is for a sum certain or for a sum which by computation can be made certain." (Steven A. Harms Aff., Br. in Supp. of Def.'s Mot. Summ. J., Ex. 1, at 6.) The affidavit calculated the amount due as $3,985.25 (including $776.68 for attorney fees), $327.93 interest, $70.52 costs and $75.00 statutory attorney fee. A default judgment was entered on November 10, 2003, but was later set aside by stipulation of the parties. Judgment has since been entered

against Plaintiff in state court. While the state court action was still pending Plaintiff filed the present class action before the Court, asserting violations of the FDCPA and the MCPA.

On April 22, 2005, the Court denied Defendant's motion to dismiss for failure to state a claim. (Apr. 22, 2005 Order, Docket #25.) The Court held that the *Rooker-Feldman* doctrine did not bar the Court from asserting subject matter jurisdiction over Plaintiff's FDCPA claim because the alleged violation was independent of and complete prior to the state court taking any action in the state debt collection case. The Court also rejected Defendant's argument that Plaintiff's FDCPA claim represented a collateral attack upon a state court decision.

On September 9, 2005, on summary judgment the Court held that Defendant made a false representation by filing an affidavit in state court which included a liquidated attorney fee and stated that the claim was a "sum certain." (Sept. 9, 2005 Order, Docket #62.) The Court held these statements to be a fundamental alteration of the contract between Plaintiff and Capital One. Thus, Defendant violated § 1692e of the FDCPA.

On October 26, 2006, the Court certified a class and appointed class counsel. (Oct. 26, 2005 Order, Docket #88.)

II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must

3

look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim, then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally*, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

#### A.   Statutory Construction

"'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.'" *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S. Ct. 2455, 2459 (2006) (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). "In statutory construction cases, 'the first step is to determine whether the language

at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Fullenkamp v. Veneman* 383 F.3d 478, 481 (6th Cir. 2004) (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002)). A court "may resort to a review of congressional intent or legislative history only when the language of the statute is not clear." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 549 (6th Cir. 1999). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

### B. Whether 16 U.S.C. § 1692k(a) Permits Class Members to Recover Actual Damages

The parties agree that the named Plaintiff, Stolicker, is permitted to recover her actual damages and statutory damages of not more than $1,000.

Plaintiff argues that 15 U.S.C. § 1692k(a) permits class members to recover both their actual damages and their share of the statutory damages awarded to the class. Defendant argues that class members can only receive their share of the statutory damages awarded to the class. The relevant part of § 1692k provides:

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>   (1) any actual damage sustained by such person as a result of such failure;
>   (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

5

>   (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector; and
>   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C.A. § 1692k(a) (West 1998).

   *1. Analysis of the Text*

Section 1692k(a) addresses the available remedies under three separate subparts: (a)(1) - actual damages, (a)(2) - statutory damages and (a)(3) - attorney fees. The introductory clause provides for damages "equal to the sum of" the damages provided by the three subparts. By specifying that a plaintiff is entitled to the sum of the three different remedies, the statute clearly indicates that all three remedies are available to a given plaintiff. *Weber v. Goodman*, No. 97-CV-1376, 1998 U.S. Dist. LEXIS 22832, *13 n.6 (E.D.N.Y. June 3, 1998) ("The word "sum" refers to the total of the amounts discussed in subparts (1), (2), and (3)."). The "and" at the end of subpart (a)(2) further indicates that all three different remedies are available to a given plaintiff.

The limitation on damages is part of the text of (a)(2). The limitation does not appear in the introductory clause before the listing of the three remedies, such that it would apply

globally to all three remedies. The limitation also does not appear in subparts (a)(1) or (a)(3), which respectively address actual damages and attorney fees. Considering the fact that remedies are provided for in three separate parts and that the limitation on damages only appears in subpart (a)(2), the structure of the text provides no basis for applying the limitation on damages to subparts (a)(1) or (a)(3).

The text of the limitation itself provides: "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector . . . ." § 1692k(a)(2)(B)(ii). There is nothing in the text of the limitation which references actual damages or attorney fees. The limitation at the end of the clause applies to the "such amount" at the beginning of the clause. "Such amount" is in reference to the statutory damages the Court awards to the class. So the text of the limitation itself only applies to statutory damages.

Therefore, the text of § 1692k(a) clearly indicates that the limitation on damages in subpart (a)(2)(B)(ii) only applies to statutory damages.

### 2. *Prior Cases Discussing* § 1692k(a)

Prior cases addressing the availability of actual damages for class members under § 1692k(a) have reached inconsistent conclusions.

Plaintiff directs the Court to *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998), in which the named plaintiff's standing to bring the class action was at issue. The question

7

of the named plaintiff's standing centered on the relationship (or lack thereof) between the named plaintiff's damages and the damages available to class members. *Id.* In analyzing that relationship the court indicated that under § 1692k(a), "[t]he damages recoverable for the class members' injuries may differ--some may be eligible for both actual and statutory damages, others actual damages only, and still others just statutory relief--but the fact remains that their injuries are the same." *Id.* at 593. This description of the available damages clearly indicates that class members can recover both actual and statutory damages.

Defendant argues that *Keele* is inapposite because the parties "had entered into a consent judgment and the appeal was limited to reviewing the appropriateness of the district court's class certification order." (Def.'s Reply Br., Docket #133, at 7.) Defendant is correct in that the question before the Seventh Circuit in *Keele* was the district court's class certification order. 149 F.3d at 592. Defendant errs in suggesting that this limits the applicability of *Keele*, because ascertaining the propriety of class certification necessitated an inquiry into the damages available to class members under § 1692k(a). *See id.* at 592-94 (analyzing whether the fact that the named plaintiff had not suffered actual damages negated the named plaintiff's standing to represent class members who had suffered actual damages).

There are also several district court cases that have confronted the same question as the court in *Keele* and that have reached the same outcome. *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04-CV-5759, 2006 U.S. Dist. LEXIS 19624, at *14 (N. D. Ill. Mar. 30, 2006) ("Plaintiff further demonstrated an understanding that she had a

responsibility to act in the best interests of the class and that some class members would be eligible for actual damages whereas she was only eligible for statutory damages."); *Petrolito v. Arrow Fin. Servs., L.L.C.*, 221 F.R.D. 303, 309-10 (D. Conn. 2004) (citing *Keele* and finding that the named plaintiff's absence of actual damages did not bar the named plaintiff from being typical of class members who had suffered actual damages); *Silva v. Nat'l Telewire Corp.*, No. 99-CV-219, 2000 U.S. Dist. LEXIS 13986, at *8 (D.N.H. Sept. 22, 2000) (citing *Keele* and finding that the recovery of actual damages by class members was not a barrier to class certification); *Irwin v. Mascott*, 96 F. Supp. 2d 968, 979 (N.D. Cal. 1999) (holding that a class could be certified based on the actual damages, but not the statutory damages). While these cases do not provide extensive analysis of § 1692k(a), the availability of actual damages to class members was an essential aspect of the decisions. Therefore, the Court finds the *Keele* line of cases to be persuasive authority for the availability of actual damages to class members

Defendant directs the Court to *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 622 (6th Cir. 2005), in which the Sixth Circuit analyzed § 1692k(a) as part of a question about whether a case had been mooted prior to the district court certifying a class. The Sixth Circuit framed the available damages as: "damages to an individual are capped at $ 1,000 and that damages to a class not 'exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector.'" *Id.* (quoting § 1692k(a)(2)(B)(ii)). The plaintiffs in *Carroll* had not made any claims for actual damages, so question of actual damages was not present

in the case as it reached the Sixth Circuit. *Carroll v. United Compucred Collections*, No. 99-CV-00152, 2002 U.S. Dist. LEXIS 25032, at *2, *35 (M.D. Tenn. Nov. 15, 2002) (magistrate's report and recommendation underlying the district court's decision that was at issue in the appeal, which indicates that the plaintiffs only sought statutory damages). Moreover, if the language in *Carroll* were read as applying to actual damages as Defendant suggests, then the $1,000 cap would also apply to the actual damages of a person who brought suit individually. Reading the court's statement in *Carroll* in such a manner is inappropriate because this is contrary to the explicit text of the statute. § 1692k(a) ("(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000 . . . ."). Therefore, *Carroll* provides no support for Defendant's position.

Defendant next refers the Court to *Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004). The court in *Cliff* was analyzing whether the FDCPA conflicted with and therefore preempted Florida law. *Id.* at 1130. In this context the court in *Cliff* stated that §1692k(a) provides:

> a prevailing class action plaintiff is entitled to any actual damages and such additional damages (up to $ 1,000) that the court may allow, and the rest of the class members collectively may receive an amount that the court may allow up to the lesser of $ 500,000 or one percent of the debt collector's net worth.

*Id.* The court in *Cliff* found no preemption because the Florida law created civil liability roughly equivalent to that created by the FDCPA. *Id.* The court in *Cliff* was concerned about the damages available under Florida law exceeding the damages available under the FDCPA,

10

thus, a reading of the FDCPA that provides for higher damages would not necessitate a different outcome. The Court does not find *Cliff* to be persuasive authority for the unavailability of actual damages to class members because the court in *Cliff* did not analyze § 1692k(a) and the fact that the availability of actual damages would not have necessitated a different result.

Defendant next directs the Court to two district court decisions which described § 1692k(a) as not providing actual damages to class members. *Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259, 260 (E.D. Pa. 2004);[1] *Bryant v. Bonded Accounts Service/Check Recovery, Inc.*, 208 F.R.D. 251, 260 n.9 (D. Minn. 2000). Neither of these cases analyzes § 1692k(a). Moreover, the language about § 1692k(a) in both opinions is dictum. The Court does not find either *Wisneski* or *Bryant* to be persuasive authority for the unavailability of actual damages to class members.

Defendant also refers the Court to a line of cases in which district courts denied class certification because the FDCPA's "cap" on class action damages made individual suits superior. *Scott v. Universal Fidelity Corp.*, 42 F. Supp. 2d 837, 840 (N.D. Ill. 1999), *overruled on other grounds Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000); *Lyles v. Rosenfeld Atty. Network*, No. 99-CV-322, 2000 U.S. Dist. LEXIS 8543, at *16-17 (N.D.

---

[1] While the court in *Wisneski* appears to be describing § 1692k(a), the court cited to § 1692g. Section 1692g is a part of the FDCPA, but it provides rules governing communications between a consumer and a collection agency. No part of § 1692g addresses damages or class actions.

Miss. May 19, 2000); *Sonmore v. CheckRite Recovery Servs.*, 206 F.R.D. 257, 265 (D. Minn. 2001).[2] These cases do have language indicating that actual damages are not available for class members, however, those statements are conclusory. Additionally, these cases were not directly confronted with a question about § 1692k(a). Rather, these cases were confronted with a separate question, e.g., class certification, and discussed § 1692k(a) as part of that analysis. The Court does not find these cases to be persuasive authority for the unavailability of actual damages to class members.

The *Keele* line of case, which found actual damages to be available to class members, are more persuasive than the *Wisneski* and *Scott* lines of cases, which found that actual damages were unavailable to class members. Additionally, the Court's analysis of the text of § 1692k(a) strongly supported the availability of actual damages to class members. The Court therefore holds that § 1692k(a) does permit the members of a class action to recover actual damages. The limitation on damages in § 1692k(a)(2)(B)(ii) only applies to statutory damages.

IV.

Defendant argues that if the FDCPA permits class members to recover actual damages, then the *Rooker-Feldman* doctrine bars actual damages from being assessed based

---

[2] Defendant also cites *Henderson v. Eaton*, No. 01-CV-0138, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002), as following *Lyles* with respect to actual damages under § 1692k(a). However, *Henderson* does not cite *Lyles* in reference to the availability of actual damages under the FDCPA. *Henderson*, 2002 U.S. Dist. LEXIS 274, at *10, *17.

on the attorney fees that were awarded in state court. The Court previously addressed *Rooker-Feldman* in this case, the Court's April 22, 2005, opinion held that:

> *Rooker-Feldman* does not bar the Court from taking subject matter jurisdiction of this case for the simple reason that this case does not involve the losing party in a state court proceeding filing suit in federal court after the state proceedings ended and complaining of an injury caused by a state court judgment. [*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).] The gravamen of Stolicker's complaint is that the Muller law firm violated the FDCPA by filing a purportedly false affidavit in support of a debt collection in state court. *See* Compl. 12, 16, 34. This alleged injury was independent of and complete prior to the state court taking any action.

(Apr. 22, 2005 Opinion 4.)

"If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). As the Court explained in the April 22, 2005, opinion, Plaintiff's injury, and that of the class, is presently defined independent of the state court judgments. If, however, the Court defined actual damages in terms of the attorney fees awarded by the state court judgments, then the source of the injury would be the state court decisions. While *Rooker-Feldman* does not bar the Court from taking subject matter jurisdiction of the case, defining actual damages in terms of the state court judgments would create a *Rooker-Feldman* problem. Therefore, actual damages cannot be based on the attorney fees awarded as part of the state court judgments.

In support of actual damages being based on the attorneys fees, Plaintiff cites *Irwin v. Mascott*, 112 F. Supp. 2d 937, 955 (N.D. Cal. 2000), in which a district court held that the FDCPA permitted actual damages in the form of the amount collected in excess of what was permitted by state law. *Irwin* is distinguishable because the FDCPA violation in *Irwin* did not involve any activity in state court, instead it only involved letters sent by the defendants. 112 F. Supp. 2d at 945. As *Irwin* did not involve any activity in state courts, it has no bearing on whether actual damages based on the state court judgments violate the *Rooker-Feldman* doctrine.

Having concluded that *Rooker-Feldman* bars actual damages from being based on the attorney fees in the state court judgments, the Court need not reach Defendant's additional arguments for why actual damages cannot be based on the attorney fees component of the state court judgments.

V.

For the foregoing reasons, Defendant's motion for summary judgment as to class action damages is denied in part as to the availability of actual damages to class members and granted in part as to the attorney fees not being a permissible measure of actual damages. The FDCPA does permit class members to recover actual damages. However, the *Rooker-Feldman* doctrine bars actual damages from being based on the attorney fees component of the state court judgments.

Date:   November 22, 2006              /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE