UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA STOLICKER, on behalf of herself
and all others similarly situated,

       Plaintiff,

File No. 1:04-CV-733

v.

HON. ROBERT HOLMES BELL

MULLER, MULLER, RICHMOND,
HARMS, MYERS AND SGROI, P.C.,

       Defendant.
                                    /

## **O P I N I O N**

This matter is before the Court on Plaintiff Sylvia Stolicker's motion for preliminary approval of the class action settlement and notice to the class. (Pl.'s Mot. for Prelim. Approval, Docket #147.) Defendant Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C. concurs with Plaintiff's motion in its entirety. (Def.'s Resp., Docket #149, at 1.) The Court previously certified this case to proceed as a class action. (Oct. 26, 2005 Order, Docket #88.) The Court also previously determined that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, based on the "Application for Default Judgment" that Defendant had filed in state court. (Sept. 9, 2005 Op., Docket #61, at 15.) For the reasons that follow, the Court grants preliminary approval of the class action settlement and approves the notice to the class, subject to the modifications made by the Court.

## I.

"The court must approve any settlement . . . of the claims . . . of a certified class." FED. R. CIV. P. 23(e)(1)(A).  The Court may only grant final approval to a settlement "after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate."  FED. R. CIV. P. 23(e)(1)(C).  "There are three steps which must be taken by the court in order to approve a settlement: (1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement."  *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).  "With such preliminary approval, the settlement is presumptively reasonable, and an individual who objects has a heavy burden of proving the settlement is unreasonable."  *Id.* at 904 (citing *Vukovich*, 720 F.2d at 921; *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 246 (S.D. Ohio 1991)).

Under the terms of the proposed class settlement, Defendants will pay: no actual damages, statutory damages of $1,000.00 to Sylvia Stolicker, statutory damages of $886.54 to the class, costs of $486.59 to Class Counsel, and attorney fees of $40,000.00 to Class Counsel.  The statutory damages of $886.54 will be divided into equal shares for each member of the class who files a claim.  If all 505 of the identified class members make a claim, then the award to each individual class member will be $1.75.

The Court must evaluate the proposed class settlement "by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *Vukovich*, 720 F.2d at 922.  The Court's September 9, 2005, decision resolved the question of liability and only left unresolved the question of damages.  The Court's November 22, 2006, decision determined that while actual damages are available to class members under the FDCPA, actual damages cannot be based on the attorney fees awarded as part of the state court judgments.  (Nov. 22, 2006 Op., Docket #138.)  Though the November 22, 2006, decision did not preclude some alternative basis for calculating actual damages, no alternative basis has been offered.  Thus, the class is not foregoing any available actual damages under the proposed class settlement.

The statutory damages in the proposed class settlement are set at the statutory maximums for both Plaintiff and the class, so the class is not foregoing any available statutory damages under the proposed class settlement.

The proposed class settlement does not explicitly address Defendant's future conduct. Plaintiff's motion, in which Defendant concurs, acknowledges that Defendant violated the FDCPA.  (Pl.'s Mot. for Prelim. Approval 2.)   The Court understands Defendant's concurrence as an implicit commitment by Defendant to desist from engaging in the conduct the Court found to violate 15 U.S.C. § 1692e.  This implicit understanding is essential to the Court's preliminary approval of the proposed class settlement.

3

The proposed settlement agreement does not indicate who will bear the expense of providing notice to the class members and who will bear the administrative expense of dispersing the settlement fund. When the settlement fund is relatively small it is inappropriate for the expense of providing notice to be borne by the settlement fund. *See* 3 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 8.20 (4th ed. 2002) ("NEWBERG "). The concerns underlying this principle apply equally to the administrative expense of dispersing the settlement fund. The settlement fund to be divided among the class members who make claims is $886.54. As the settlement fund is relatively small, the Court's preliminary approval of the proposed class settlement is premised on the settlement fund not bearing the expense of providing notice or the administrative expense of dispersing the settlement fund.

The Court finds that the proposed class settlement is close to what the class could obtain if it were to prevail on the question of damages at trial. Therefore, the Court grants preliminary approval to the proposed class settlement.

## II.

Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement . . . ." FED. R. CIV. P. 23(e)(1)(B). "'The purpose of the rule is to discourage the use of the class action device by the individual representative plaintiff to secure an unjust private settlement and to protect the absent class

members against the prejudice of discontinuance.'" *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. 2005) (quoting 3 NEWBERG § 8.18).

> "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.' Notice is 'adequate if it may be understood by the average class member.'"

*Masters v. Wilhelmina Model Agency Inc.*, 473 F.3d 423, 438 (2d Cir. 2007) (quoting *Wal-Mart Stores Inc. v. Visa USA Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005) (internal citations omitted)).

The introductory statement on the proposed class notice will likely confuse class members about their role in this case (i.e., that they are being sued). *See* 9 NEWBERG, App., at 181, 214, 227, 246, 255. In addition, the current introductory statement does not explain to class members why it is important that they read the notice. *Id.* The Court has replaced the introductory paragraph with the following:

> Read this notice carefully. This is not a bill. You may be entitled to share in the settlement proceeds of a class action lawsuit. This is not a lawsuit against you. You are not being sued. This is a notice of a proposed class action settlement. As explained below, you may opt-out or seek to intervene in this lawsuit.[1]

---

[1] As set-forth in this opinion, the Court will present the required changes in standard Roman text. The notice of proposed class settlement that is attached to this opinion reflects the appropriate use of underline, bold, etc. The notice sent to members of the class should conform to the formatting in the attached version of the notice.

The summary of the settlement that is provided in the notice to the class generally includes:

> (1) a statement of the settlement consideration to be paid;
> (2) a formula for distribution of the settlement fund; and
> (3) the formula and method for distribution of attorneys' fees and expenses.

3 NEWBERG § 8.32.

Under the discussion of the available statutory damages, the total amount of the settlement available to the class is provided along with the expected share each class member would receive if every class member made a claim. The discussion does not, however, explain how the class settlement will be divided among the class members. The Court has replaced the discussion of statutory damages with the following:

> The FDCPA states that the Class may recover statutory damages not to exceed the lesser of $500,000.00 or 1 percent of the net worth of the debt collector. By law, the maximum total statutory damages to be shared by all members of the Class will be capped at $886.54. There are approximately 505 members of the Class. The class settlement fund of $886.54 will be divided equally among the members of the Class who file a claim. If no member of the Class opts out and all members file claims, the amount of statutory damages for each member of the Class will be $1.75.

Under the discussion of costs and attorney fees, the amount of the costs and attorney fees to be paid to Class Counsel by Defendant are not provided. The amount of the costs and attorney fees are part of the settlement consideration to be paid by Defendant. The Court has replaced the discussion of costs and attorney fees with the following:

> The Class will not be responsible for paying any costs or attorney fees. Defendant will pay Class Counsel, Michael O. Nelson and Phillip C. Rogers, costs of $486.59 and attorney fees of $40,000.00.

Under all three paragraphs of the "Your Options" heading, the different addresses to which class members would need to send claim forms, opt-out notices, written objections and notices of intent to appear is confusing and unduly burdensome. To alleviate this confusion, Class Counsel shall obtain a Post Office box to which class members will send claim forms and opt-out notices. Class Counsel will then be responsible for compiling a list of the class members who submitted claim forms and a list of class member who submitted opt-out forms. Class Counsel will file those lists, including addresses, with the Court along with copies of the opt-out forms. This procedure should be clearer to the recipients of the notice and should minimize the amount class members are required to expend on postage. The Court has replaced the discussion of the claim forms with the following:

> If you wish to receive a portion of the settlement proceeds, you must complete the attached claim form and return it to: Claims Administrator, P.O. Box XXXX, Grand Rapids, MI 49XXX. The claim form must be postmarked by May 23, 2007. If you timely return the claim form and the settlement is approved, you will be mailed a check for your share of the settlement proceeds. You will be represented by Class Counsel without additional charge. Or if you prefer, you may enter your own appearance or ask the court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by May 23, 2007. If you participate through your own attorney, it will be at your own expense.

The Court has also replaced the discussion of the opt-out process with the following:

> You have the right to exclude yourself from both the class action and the settlement. If you do not want to participate in this action, you must mail written notice of your decision to opt-out to: Claims Administrator, P.O. Box XXXX, Grand Rapids, MI 49XXX, postmarked no later than May 23, 2007. If you opt-out, you will have the right to bring your own lawsuit against Defendant, if you file the lawsuit within the time allowed by law. If you bring

such an individual lawsuit and win, you could recover a larger amount of money from Defendant than you may receive under this class action.

The third paragraph under the "Your Options" heading, which describes the procedure for class members to object to the proposed class settlement, provides alternative addresses to which the objections must be sent. Two addresses are listed for Class Counsel and two addresses are listed for Defendant's Counsel. Providing these alternatives to the class members is likely to cause confusion and may lead some class members to believe that they need to send the notice to the Clerk of the Court, both Class Counsel and both of Defendant's Counsel. To avoid this confusion Class Counsel and Defendant's Counsel shall select one attorney for each side, the class and Defendant, who will receive the written objections. The paragraph as drafted also requires that the objecting class member "serve" the objections on Class Counsel and Defendant's Counsel. Generally courts require the objections to be served as a procedure to discourage spurious objections. 3 NEWBERG § 8.32. In this case requiring an objecting class member to serve the written objections imposes disproportionate costs on the objecting class members given the amount of the class settlement fund. Requiring objecting class members to mail copies of their objections to Class Counsel and Defendant's Counsel should be more than sufficient. Finally, the third paragraph indicates that in addition to filing written objections an objecting class member must appear at the fairness hearing. "It is unnecessary for objectors to appear personally at the settlement hearing in order to have their written objections considered by the court." 4 NEWBERG § 11.56. The Court will, however, require that objecting class members who intend to appear at the fairness hearing

8

file notices of intent to appear. *See id.* The Court has replaced the discussion of the objection process with the following:

> If you object to the terms of the settlement and wish to submit an objection, rather than simply exclude yourself from the class action, you must either submit your objection in writing or appear in person at the hearing. If you submit your objection in writing, copies must be mailed to:
>
> | Clerk of the Court | Defendant's Counsel |
> |---|---|
> | United States District Court | Mark Shreve |
> | 399 Federal Building | Suite 300 |
> | 110 Michigan St., N.W. | 1111 W. Long Lake |
> | Grand Rapids, MI   49503 | Troy, MI   48098 |
>
> Class Counsel
> Michael O. Nelson
> Suite 318
> 648 Monroe Avenue, N.W.
> Grand Rapids, MI   49503
>
> Any written objection must include your name, address, the name of the case, the number of the case, and a statement of the reasons why you believe that the Court should find the proposed settlement is not in the best interest of the class. Your objection must be postmarked by May 23, 2007. If you are going to appear in person at the hearing, you must mail a notice of your intent to appear to the Clerk of the Court, at the above address. Any notice of intent to appear must include your name, address, the name of the case, and the number of the case. Your notice of intent to appear must be postmarked by May 23, 2007. The hearing on the proposed class settlement will be held before [Judge, Date, Time and Location].

The "Claim Form" portion of the notice does not contain any basic instructions about what steps a class member who wishes to submit a claim needs to take or to where the form is to be sent. The Court has added the following instruction at the beginning of the claim form to make clear the steps a class member will need to take to make a claim:

9

>If you wish to submit a claim to receive a portion of the settlement proceeds, you must complete this form and mail it to:
>
>>_____Claims Administrator
>>P.O. Box XXXX
>>Grand Rapids, MI 49XXX

Also, the "Claim Form" should be on a separate sheet of paper to simplify the process for class members who decide to submit a claim.

The Court has made other stylistic, grammar and formatting changes that are reflected in the version of the notice attached to this opinion. The attached version of the notice also incorporates the modifications that have been discussed and set-forth in this opinion. The notice to be sent to the class members should be a reproduction of the version of the notice attached to this opinion.

### III.

For the foregoing reasons, the Court grants preliminary approval to the proposed class settlement. The Court also approves the notice to the class, subject to the modifications made by the Court. An order will be entered consistent with this opinion.

Date:     April 10, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE